UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STICKY HOLSTERS, INC.,

       Plaintiff,

v.                                 Case No:  2:14-cv-500-FtM-38CM

TAGUA  LEATHER  CORPORATION
and ZEN DISTRIBUTORS GROUP II
LLC,

       Defendants.

_____/

## ORDER[1]

      This matter comes before the Court following an evidentiary hearing held on March 17, 2015, on Plaintiff's Motion for Order to Show Cause Why Defendant Tagua Leather Corporation Should Not Be Held in Contempt for Violating Preliminary Injunction (Doc. #30).  Following the hearing, the Court reviewed the testimony of the witnesses, the evidence submitted, and the Parties' respective Supplemental Memorandums (Doc. #44; Doc. #45).  Having done so, the Court finds that Defendant Tagua Leather Corporation should be held in contempt.

## Background

      On November 13, 2014, Plaintiff filed a Motion for Preliminary Injunction, seeking to enjoin Defendants' alleged infringement of Plaintiff's trademarks.  (Doc. #19).  Soon

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

after, the Parties stipulated to a preliminary injunction, prohibiting Defendants from, among other things, "produc[ing], market[ing], advertis[ing], or sell[ing] any holster products using the phrase 'sticky holsters,' the term 'sticky,' or the trademark owned by Plaintiff. . . ." (Doc. #25).  Two months later, Plaintiff filed a Motion for Order to Show Cause, alleging that Defendant Tagua Leather Corporation ("TLC") violated the Stipulated Injunction on several occasions.  (Doc. #30).  The alleged violations include: 1) TLC using the words "sticky holster" in their 2015 catalog that was distributed at a national trade show; 2) TLC continuing to use images on their website titled "Tagua Sticky"; and 3) TLC's salesmen continuing to market and advertise TLC's product as a "sticky holster."  (Doc. #30 at 2-6; Doc. #37-1 at 1).  After finding that the conduct as alleged would violate the Stipulated Injunction, the Court granted Plaintiff's Motion and ordered TLC to appear at an evidentiary hearing on the matter and show cause why it should not be held in civil contempt for these alleged violations.  The Court conducted the evidentiary hearing on March 17, 2015, and the pertinent evidence presented is discussed below.

**Discussion**

A. _The Court Finds TLC Violated the Stipulated Injunction_

It is well established that "the power of courts to punish for contempt[] is a necessary and integral part of the . . . judiciary, and is absolutely essential to the performance of the duties imposed on them by law." _Gompers v. Buck's Stave & Range,_ _221 U.S. 418, 450, 31 S.Ct. 498, 55 L.Ed. 797 (1911)_.  Absent this power, courts would be "mere boards of arbitration, whose judgments and decrees would be only advisory." _Id._  It should therefore come of no surprise that district courts possess broad discretion in determining civil contempt sanctions.  _Howard Johnson Co. v. Khimani_, 892 F.2d 1512,

1519 (11th Cir. 1990) (citations omitted).  But before a court can exercise this discretion, the moving party must establish, by clear and convincing evidence, that the court's order was violated.[2]  *Id.* at 1516.  Once this initial burden is met, the burden of production shifts to the non-moving party "to show a present inability to comply that goes beyond a mere assertion of inability."  *Id.* (internal quotations and citations omitted).  "Therefore, the focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the [non-moving party] in complying with the order, but whether in fact their conduct complied with the order at issue."  *Id.*

With this standard in mind, the Court finds that TLC failed to comply with the Court's December 5, 2014 Order entering the Stipulated Injunction (Doc. #25).  At the evidentiary hearing, Plaintiff first argued that TLC violated the Stipulated Injunction by using prohibited terms in its 2015 product catalog.  The Court agrees.  In the catalog, TLC describes its "Ankle 'No Clip' Holster" as a "3 in 1 Sticky holster: the most versatile sticky holster in the market by far."  This description is a clear and blatant violation of the Stipulated Injunction, which prohibited TLC from marketing or advertising any holster product using the term "sticky holsters" or the term "sticky."  TLC attempted to downplay this violation by averring that the description appeared as a result of their foreign catalog printer erring in the copy and paste process and that they had no intent to place the word "sticky" anywhere in their catalog.  Even though this might be true, the fact remains that TLC's marketing manager, Javier Gibaja, failed to carefully proofread the catalog prior to

---

[2] Indeed, the clear and convincing evidence must also prove "1) the allegedly violated order was valid and lawful; 2) the order was clear, definite, and unambiguous; and 3) the alleged violator had the ability to comply with the order."  *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000).  Because the Parties themselves provided the Court with the terms and conditions of the Stipulated Injunction, TLC did not (and probably could not) contest any of these three elements.  Therefore, the Court finds that Plaintiff proved each of the *McGregor* elements by clear and convincing evidence.

its distribution.  He further testified that TLC distributed over 3,000 copies of this catalog including over 800 at a recent tradeshow.  Therefore, whether TLC intended to include the description "sticky holster" or not, there is clear and convincing evidence that TLC violated the Stipulated Injunction by advertising and marketing its product using the words "sticky holster."  And this alone is enough to find TLC in contempt.

Notwithstanding the catalog violation, Plaintiff also argued that TLC violated the Stipulated Injunction on a separate occasion when one of its salespersons marketed TLC's "No Clip" holster as a "Sticky Holster."  Again, the Court agrees.  In a surveillance video presented at the hearing, TLC's salesperson can be heard clearly saying, "we now work with Ramora, those are the sticky holsters," referring to TLC's "No Clip" holster.[3] TLC attempted to rebut this surveillance evidence by arguing that its salesperson was referring to Plaintiff's product – the Sticky Holster – that was on display at the location where the surveillance video was taken.  But the Court finds this argument unpersuasive. While TLC's salesperson does in fact attempt to correct himself by pointing to Plaintiff's product that was on display, he only did so after explicitly referring to TLC's "No Clip" holster as a "sticky holster."  Consequently, there is clear and convincing evidence that TLC violated the Stipulated Injunction on this occasion by marketing its product as a "sticky holster," which, in and of itself, warrants a finding of contempt.

Plaintiff's final argument contended that TLC violated the Stipulated Injunction on a third occasion by continuing to use file names on its website that contained the prohibited terms.  To that end, Plaintiff presented the Court with a copy of an image that

---

[3] Plaintiff provided the Court with an affidavit from the owner of the gun shop where the surveillance footage was taken, Paul Davidson, affirming that the video had not been altered in anyway.  (Doc. #37-1). Moreover, TLC failed to question the video's authenticity during the evidentiary hearing, waiving any argument that it might have had.

it retrieved from TLC's website, whose file name is allegedly "taguasticky.png." However, the Court finds Plaintiff's third argument unpersuasive. To rebut Plaintiff's argument, TLC presented the testimony of an online marketing and ecommerce expert, Robin Pokoj. Ms. Pokoj testified that she analyzed TLC's website and found that none of the current product images use file names containing terms prohibited by the Stipulated Injunction. Thus, while there is a possibility that there is an image named "taguasticky.png" on TLC's webserver, Ms. Pokoj testified that no user would ever see the file name or the image at issue. Based on this testimony, the Court finds that Plaintiff failed to present clear and convincing evidence that TLC marketed or advertised its holster products using a prohibited term by having a single, unlinked image on its webserver.

Based on the clear and convincing evidence presented, the Court finds that TLC violated the Stipulated Injunction on at least two occasions and holds TLC in civil contempt.

### B. *The Court Finds an Award of Monetary Sanctions is Necessary*

Having determined that TLC should be held in contempt for its violations, the Court must determine what sanctions, if any, are appropriate. In making this determination, the Court enjoys wide discretion. *See United States v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir. 1999). Sanctions are appropriate "to coerce the contemnor to comply with the court's order, but may not be so excessive as to be punitive in nature." *Cintronelle-Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1304 (11th Cir. 1991) (citations omitted). And the Court has several options for awarding sanctions, including a coercive daily fine, a compensatory fine, or attorney's fees and expenses. *Id.*

In its Supplemental Memorandum, Plaintiff requests several forms of relief as an award of sanctions, including: (1) directing TLC to destroy all copies of its printed catalogs containing the words "sticky" or "sticky holsters"; (2) awarding Plaintiff its attorney's fees and costs incurred in bringing this motion and in investigating the subject contemptuous acts; (3) awarding Plaintiff compensation premised upon TLC's gross profits during the contemptuous period; (4) awarding any other monetary amount this Court deems necessary to coerce compliance with the Stipulated Injunction. (Doc. #44 at 9). The Court finds that some, but not all, of these sanctions are warranted. First, the Court finds that TLC must pay Plaintiff's reasonable attorney's fees and costs and investigation expenses for bringing and pursuing this contempt proceeding. Second, the Court finds that TLC must pay Plaintiff ten thousand dollars ($10,000) for its blatant violations of the Stipulated Injunction. Finally, the Court orders TLC to destroy all printed catalogs in its possession that contain the words "sticky" or "sticky holster." Failure to comply with this Order within the timeframes set out below will result in additional sanctions.

Accordingly, it is now

**ORDERED:**

1.  Defendant Tagua Leather Corporation is **HELD IN CIVIL CONTEMPT** of this Court.

2.  Defendant Tagua Leather Corporation shall reimburse Plaintiff for the reasonable attorney's fees and costs and investigation expenses it has expended in pursuing this contempt proceeding. Plaintiff shall file documents supporting the requested fees and costs with the Court within **seven (7) days** of this Order for a review for reasonableness.

3. Defendant Tagua Leather Corporation shall pay to Plaintiff Sticky Holsters, Inc., the total sum of ten thousand dollars ($10,000) within **fourteen (14) days** of this Order, and submit verified proof of compliance with the Court.

4. Defendant Tagua Leather Corporation shall destroy all printed catalogs in its possession containing the words "sticky" or "sticky holster," and submit verified proof of compliance with the Court within **twenty-one (21) days** of this Order.

**DONE** and **ORDERED** in Fort Myers, Florida, this 25th day of March, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record