UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STICKY HOLSTERS, INC.,

        Plaintiff,

v.                                                                                        Case No:  2:14-cv-500-FtM-38CM

TAGUA LEATHER CORPORATION and ZEN DISTRIBUTORS GROUP II LLC,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Tagua Leather Corporation's Response to Court's Order to Show Cause filed on April 10, 2015.  (Doc. #54).  On March 25, 2015, the Court found Defendant Tagua Leather Corporation ("TLC") in civil contempt and instituted several sanctions against them.  (Doc. #46).  One of those sanctions required TLC to pay Plaintiff the total sum of ten thousand dollars ($10,000) and submit verified compliance on or before April 8, 2015.  (Doc. #46 at 7).  As the deadline came and passed, TLC failed to adhere to the Court's Order.  Therefore, the Court issued an Order to Show Cause (Doc. #52), directing TLC to show cause as to why it failed to comply with the Court's Contempt Order (Doc. #46).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

In its Response, TLC avers that it was unable to comply with the Court's deadline because it was unable to obtain proper wire instructions from Plaintiff's counsel.  ([Doc. #54 at 1](#)).  Namely, TLC was unable to obtain the beneficiary and banking institution information necessary to complete the wire transfer.  ([Doc. #54 at 1](#)).  TLC notes that once it obtained the correct wire instructions from Plaintiff's counsel on the morning of April 9, 2015, it immediately completed the wire transfer as required by the Court's Contempt Order ([Doc. #46](#)).  ([Doc. #54 at 2](#)).  Based on these facts, the Court finds that additional sanctions are not warranted and, therefore, an evidentiary hearing is not necessary.  While the Court finds good cause for no further action in this instance, TLC should ensure it meets the Court's future deadlines, including the remaining deadline in the Court's Contempt Order ([Doc. #46](#)).  It should go without saying that the Court expects good faith cooperation from both sides in order to allow the Court's deadlines to be met.

Accordingly, it is now

**ORDERED:**

The Court finds that, in this instance, Defendant Tagua Leather Corporation presented good cause for its failure to meet the Court's deadline.  Therefore, no additional sanctions are warranted at this time.

**DONE** and **ORDERED** in Fort Myers, Florida, this 10th day of April, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record